UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10592-~~WGY~~

*RBC*

|  |  |
|---|---|
| Edward Steffen and<br>Marsha Steffen,<br>   Plaintiffs | )<br>)<br>)<br>) |
| v. | )<br>) |
| Viking Corporation,<br>   Defendant | )<br>)<br>) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D), the parties submit the following proposed discovery plan and schedule.

1. **Proposed Joint Discovery Plan and Schedule**

| | |
|---|---|
| August 23, 2004 | Deadline to make initial disclosure required by Rule 26(a)(1) and Local Rule 26.2(A) |
| September 6, 2004 | Last day to produce records or other materials as part of automatic disclosures |
| September 20, 2004 | Last day to file motion to amend pleadings (or to file amended pleadings by stipulation) and to join additional parties |
| October 4, 2004 | Last day to file motion for bifurcation of discovery |
| January 3, 2005 | Last day to serve interrogatories, requests for the production of documents and requests for admissions |
| May 30, 2005 | Deadline for completion of fact discovery including depositions of parties and non-expert witnesses. |
| June 30, 2005 | Deadline for motions to compel fact discovery |

| July 29, 2005 | Deadline for plaintiff's identification of expert witnesses and to file expert witness disclosures, pursuant to Rule 26(b)(4) |
| September 30, 2005 | Deadline for defendant's identification of expert witnesses |
| October 21, 2005 | Deadline for defendants to file expert witness disclosures, pursuant to Rule 26(b)(4) |
| November 25, 2005 | Deadline for completion of expert witness depositions |
| December 30, 2005 | Deadline for motions to compel (expert discovery) |
| January 12, 2006 | Deadline for filing summary judgment motions |

**2.   <u>Limitations on Discovery</u>**

Each party shall be limited to the following discovery, unless additional discovery is subsequently permitted by the Court for good cause shown:

* A maximum of 25 interrogatories;

* A maximum of 25 request for admissions;

* A maximum of two (2) separate sets of requests for production; and

* A maximum of ten (10) depositions.

**3.   <u>Automatic Disclosures</u>**

The parties agree that the following, non-privileged, documents will be produced on July 12, 2004 as part of their respective automatic disclosures:

a   <u>Viking</u>

i.   A copy of any documents relating to Viking Corporation's sale of a Waterblaster machine to Hillside Machine, Inc.

ii.   A copy of any engineering plans and/or manufacturers specifications for the Viking Corporation's Waterblaster machine located at Hillside Machine, Inc.

2

    iii.  A coy of all documents related to business dealings between Viking Corporation and Hillside Machine, Inc. concerning the Waterblaster machine after it was delivered to Hillside Machine, Inc.

b.  <u>Steffen</u>

    i.  Records relating to any and all damages, including but not limited to medical treatment, claimed by the plaintiffs as a result of the events alleged in their complaint.

    ii.  Copies of bills related to the amelioration of any and all damages, including but not limited to medical treatment, claimed by the plaintiffs as a result of the events alleged in their complaint.

    iii.  All documents related to the plaintiff, Edward Steffen's claims for benefits under any short or long term disability plan, insurance policy and/or state funded disability plan, unemployment plan and/or workers compensation program.

    iv.  Copies of any and all evidence in the possession of the plaintiffs or any of the plaintiffs' agents, servants or representatives that supports the contention in the plaintiffs' complaint that the Waterblaster manufactured by Viking Corporation and located at Hillside Machine was defective in design and/or operation.

Each party must prepare a privilege log identifying any documents withheld under a claim of privilege, which shall be produced to the other side on or before July 12, 2004.

## 4.  <u>Trial by Magistrate Judge</u>

The parties consent to a trial by a Magistrate Judge.

## 5.  <u>Certifications</u>

The parties continue to discuss settlement. The Certifications signed by counsel and an authorized representative of each party affirming that each party and counsel for each party have conferred with respect to the subject's identified in Local Rule 16.1(D)(3) are attached hereto.

3

EDWARD STEFFEN AND
MARSHA STEFFEN

VIKING CORPORATION


William J. Doyle, Jr.
LEAVIS AND REST, P.C.
83 Central Street
Boston, MA 02109
(617) 742-1700
BBO #134240

Robert P. Powers (BBO No. 544691)
T. Dos Urbanski (BBO No. 652465)
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200
(617) 523-8130


Dated: _____

4