UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
Edward Steffen and       )
Marsha Steffen,          )
         Plaintiffs      )
                         )
v.                       )    C.A. NO.: 04-10592-RBC
                         )
Viking Corporation,      )
         Defendant       )
```

**DEFENDANT, VIKING CORPORATION'S RESPONSE TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS**

The Defendant, Viking Corporation (hereinafter "Viking"), makes the following responses to Plaintiff's Request for Production of Documents.

**GENERAL OBJECTIONS**

Viking objects to these requests to the extent that they seek documents which contain information which is irrelevant to the issues raised by this action, not reasonably calculated to lead to the discovery of admissible evidence and/or beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26(b).

Viking further objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome and not limited in time and scope to the series of transactions that form the basis of the current action. Viking also objects to these requests to the extent that they seek documents which contain information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege. To the extent that any privileged or protected documents or information is disclosed in these responses, the disclosure of those documents or that information is inadvertent and is not a waiver of that privilege or protection.

Viking objects to these requests to the extent that they request documents not within its care, custody or control. Viking

further objects to these requests to the extent that they seek documents provided to Viking's attorneys in the course of the plaintiffs' initial disclosures. Viking further objects to these requests to the extent that the requests seek to impose obligations on the defendant beyond those prescribed by the Federal Rules of Civil Procedure and/or the Local Rules adopted by this Court.

Viking does not concede that any of the documents or information disclosed through these responses will be admissible evidence in a trial of this matter. Viking Corporation does not waive any objections, on any grounds, whether or not asserted herein, to the use of any of the documents or information in documents disclosed in these responses at trial. Furthermore, Viking Corporation reserves the right, at any time, to assert further objections to these requests.

Viking Corporation's general objections are explicitly incorporated into each of the responses provided herein.

## SPECIFIC RESPONSES

REQUEST NO. 1

Copies of all statements, as defined by Fed. R. Civ. P. 26(b)(3), given or taken from the plaintiff, which statements concern this civil action or its subject matter.

RESPONSE NO. 1

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Notwithstanding these or any other objections, Viking states that it does not have statements responsive to this request.

REQUEST NO. 2

Copies of all policies of insurance which may provide for the payment in part or in whole, of any judgment which may be entered against the defendant, Viking Corporation.

RESPONSE NO. 2

Viking refers the plaintiffs to the attached Exhibit "A".

REQUEST NO. 3

Copies of all medical reports of all physicians who have examined the plaintiff, Edward Steffen, on behalf of any defendant or insurer.

RESPONSE NO. 3

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Fed. R. Civ. P. 26. Viking further objects to this request to the extent that it seeks materials protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Notwithstanding these or any other objections, Viking states that it does not have any documents responsive to this request other than those documents provided to it by the plaintiff.

REQUEST NO. 4

Copies of all statements, as defined by Fed. R. Civ. P. 26(b)(3), taken from or given by any person which concerns this civil action or its subject matter.

RESPONSE NO. 4

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Viking further objects to this request to the extent that it seeks materials protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Notwithstanding these or any other objections, Viking states that it does not have materials responsive to this request.

REQUEST NO. 5

Copies of all statements, as defined by Fed. R. Civ. P. 26(b)(3), taken from or given by anyone who was or claims to be a witness to the accident involved in this action.

RESPONSE NO. 5

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Viking further objects to this request to the extent that it

seeks materials protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Notwithstanding these or any other objections, Viking states that it does not have any materials responsive to this request.

REQUEST NO. 6

All documents which concern the design, manufacture, testing, inspection, sale, lease, start-up and modification of said "machine".

RESPONSE NO. 6

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Notwithstanding these or any other objections, Viking refers the plaintiffs to the materials contained in Exhibit "B".

REQUEST NO. 7

All documents which concern all warnings issued by the defendant (both pre-sale, at the time of sale or post-sale) concerning said "machine".

RESPONSE NO. 7

Viking refers the plaintiffs to the materials included in Exhibit "B".

REQUEST NO. 8

All post-sale warnings given at any time concerning the model or type of "machine" at any time.

RESPONSE NO. 8

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Fed. R. Civ. 26(b). Notwithstanding these or any other objections, Viking states that it does not have materials responsive to this request.

REQUEST NO. 9

All documents which concern all instructions given by the defendant to any person or persons concerning said "machine".

RESPONSE NO. 9

Viking refers the plaintiff to the materials in Exhibit "B".

REQUEST NO. 10

All documents which constitute contracts or agreements between the defendant to whom this request is addressed and the manufacturer and/or designer of said saw relative to the sale, transfer, and/or distribution of said "nailer" and/or any segment of said "machine" to the defendant or any of its divisions on or before December 2, 2002.

RESPONSE NO. 10

Viking specifically objects to this request on the grounds that it is vague, ambiguous and unintelligible as Viking is both the manufacturer and the defendant referenced in the request. Notwithstanding these or any other objections, Viking believes that to the extent that it has materials responsive to this request, such materials are included in Exhibit "B".

REQUEST NO. 11

All documents which relate to any safety recommendations and/or evaluations for said "machine" and/or any similar model machine at any time.

RESPONSE NO. 11

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Fed. R. Civ. P. 26(b). Viking further objects to this request to the extent that it seeks materials protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Notwithstanding these or any other objections, Viking refers the plaintiffs to the materials included in Exhibit "B".

REQUEST NO. 12

All documents, letters and memorandums of any description sent out by the defendant concerning the requirements or need for the subject "machine".

RESPONSE NO. 12

Viking refers the plaintiffs to the materials included in Exhibit "B".

REQUEST NO. 13

All documents, letters and memorandum of any description set out by the defendant concerning the requirement or need for the subject "machine".

RESPONSE NO. 13

Please see Response No. 12.

REQUEST NO. 14

Copies of all claim letters and court complaints received by the defendant which concern in any way a person allegedly being injured by a Jet Washer with Gas Heat machine at any time.

RESPONSE NO. 14

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, unlimited with respect to time and beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b). Notwithstanding these or any other objections, Viking refers the plaintiff to Exhibit "C", the complaint in <u>Anderson v. Metropower, Inc. et al.</u>, Fulton County, Georgia State Court, Civil Action No. 02-VS-041389-F. Viking acknowledges the existence of a companion case in the same court, <u>Gilliam v. Metropower, Inc.</u>, Civil Action No. 03-VS-043586-H, for which it does not have a complaint.

REQUEST NO. 15

All documents which relate to the ultimate design concept for Jet Washer with Gas Heat machine.

RESPONSE NO. 15

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, particularly with respect to what the term "ultimate design concept" means in the context of this request. Notwithstanding these or any other objections, Viking refers the plaintiff to those materials included in Exhibit "B".

REQUEST NO. 16

All documents relating to safety considerations or adverse consequences for the manufacture of Jet Washer with Gas Heat machine.

RESPONSE NO. 16

Viking specifically objects to this request as vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Fed. R. Civ. P. 26(b). Viking further objects to this request to the extent that the request seeks materials protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Notwithstanding these or any other objections, Viking refers the plaintiffs to the materials included in Exhibit "B".

REQUEST NO. 17

All tests or studies concerning the operation and function of the Jet Washer with Gas Heat machine.

RESPONSE NO. 17

Viking specifically objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Fed. R. Civ. P. 26(b). Viking further objects to this request to the extent that the request seeks materials protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Notwithstanding these or any other objections, Viking refers the plaintiffs to the materials included in Exhibit "B".

                The Defendant,
                Viking Corporation,
                By its attorneys,

                */s/ T. Dos Urbanski*
                Robert P. Powers, BBO #544691
                T. Dos Urbanski, BBO #652465
                MELICK, PORTER & SHEA, LLP.
                28 State Street
                Boston, MA 02109
                (617) 523-6200
                (617) 523-8130 (facsimile)

CERTIFICATE OF SERVICE

    I, T. Dos Urbanski, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

        William J. Doyle, Jr.
        LEAVIS AND REST, P.C.
        88 Central Street
        Boston, MA 02109

                                      *[signature]*
                                      T. Dos Urbanski

Date:   8/30/04