UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10592-RBC

Edward Steffen and            )
Marsha Steffen,               )
     Plaintiffs              )
                              )
v.                            )
                              )
Viking Corporation,           )
     Defendant               )

### DEFENDANT, VIKING CORPORATION'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

The defendant, Viking Corporation, makes the following answers to plaintiffs, Edward Steffen and Marsha Steffen's, First Set of Interrogatories ("interrogatories").

### GENERAL OBJECTIONS

Viking Corporation, objects to these interrogatories to the extent that they seek information that is irrelevant to the issues raised by this action, not reasonably calculated to lead to the discovery of admissible evidence and/or beyond the scope of discovery permitted under Massachusetts Rules of Civil Procedure 26(b).

Viking Corporation further objects to these interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome and not limited in time and scope to the series of transactions that form the basis of the current action. Viking Corporation also objects to these interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege. To the extent that any privileged or protected information is disclosed in the answers to these interrogatories, the disclosure of that information is inadvertent and is not a waiver of that privilege or protection.

Viking Corporation does not waive any objections, on any grounds, whether or not asserted herein, to the use of any of the

information disclosed in its answers to these interrogatories at trial. Viking Corporation reserves the right to assert further objections to these interrogatories.

Viking Corporation's general objections are explicitly incorporated into each of the responses provided herein.

## SPECIFIC OBJECTIONS AND ANSWERS

INTERROGATORY NO. 1

Please state your full name, residential address, business address and your position held with the defendant.

ANSWER NO. 1

Deron J. Lock, president, Viking Corporation, 3810 North Toben, Wichita, Kansas 67226.

INTERROGATORY NO. 2

If the defendant, Viking Corporation (hereinafter "Viking"), is covered under the terms of any insurance policy or agreement for the satisfaction, in whole or in part, of any judgment which may be entered in this action against the defendant, "Viking", please state the name, address and maximum coverage of each and every insurance company, including so-called "excess insurers" which supply such insurance coverage and agreements for satisfaction of judgments.

ANSWER NO. 2

First Speciality Insurance Corporation, 5200 Metcalf, P.O. Box 2991, Overland Park, Kansas 66201, which has a maximum limit of $500,000 of each occurrence.

INTERROGATORY NO. 3

State the name and present address of each person who the defendant expects may be called by the defendant as an expert witness at the trail of this action.

ANSWER NO. 3

Viking Corporation specifically objects to this interrogatory as since it has not determined which, if any, expert witnesses it may call to trial in this matter.

INTERROGATORY NO. 4

Describe in detail the subject matter on which each expert may be expected to testify.

ANSWER NO. 4

Please see Answer No. 3.

INTERROGATORY NO. 5

State in detail the substance of all facts and opinions about which each expert may be expected to testify, including summary of the grounds for each such opinion.

ANSWER NO. 5

Please see Answer No. 3.

INTERROGATORY NO. 6

With reference to the Jet Washer with Gas Heat sold to Hillside Automotive Machine, Inc. (hereinafter "the machine") involved in this civil action, please state the following:

    a. the name of the "the machine";
    b. the name and address of the manufacturer of said "the machine";
    c. the model number or name of said "the machine";
    d. the serial number of said "the machine";
    e. all changes or modifications to the "the machine", and its component parts or operation form its time of manufacture, to or after December 2, 2002;
    f. the approximate date of manufacture of said "the machine";
    g. in detail, all safety devices provided on said "the machine" by the manufacturer at the time of its sale;
    h. the approximate date of the sale of said "the machine" by the defendant to whom this interrogatory is

>           addressed;
> i.       in detail, all guarding or safety mechanisms, provided on said "the machine" when it was manufactured and/or sold by the defendant, which guarding or safety mechanism would have acted to a fire.
> j.       in detail, all devices offered as optional equipment on said "the machine".

ANSWER NO. 6

Viking Corporation specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Federal Rules of Civil Procedure 26(b). Viking further objects to this interrogatory to the extent that it assumes that Viking has knowledge of all alterations and modifications performed on its equipment after the time it was delivered to Hillside Machine Co. Notwithstanding these or any other objections, Viking Corporation's answers are as follows:

> a.      Rotary Washer;
>
> b.      Viking Corporation, 3810 North Toben, Wichita, KS 67226;
>
> c.      36 in. x 72 in. custom jet washer;
>
> d.      Viking does not have this information;
>
> e.      Viking did not alter or modify the machine in that time period but was informed that Hillside altered or modified the machine with respect to, at minimum, the pipes in the manifold, the low water shut-off, the water temperature gauge and a friction brake for the door;
>
> f.      Viking believes that it constructed the machine between the months of June and July of 1992.
>
> g.      Viking objects to this sub-part in that it does not know what might be encompassed by "safety devices";
>
> h.      May 29, 1992;
>
> i.      Viking Corporation is unsure of what is meant by

"guarding or safety mechanisms" or what the term "acted to a fire" means in this context. Notwithstanding the vagueness and ambiguity in this subpart, and without waiving any objections, Viking states that a guard is installed around the burn tube exhaust to protect against contact with a hot exhaust pipe.

j.  Please refer to the list of optional equipment from Viking's response to request for production of documents.

INTERROGATORY NO. 7

Please state all post-sale warnings given to any owners or purchasers of any machine manufactured or sold by the defendant concerning guarding, warning or operator safety by the manufacturer in the past 25 years.

ANSWER NO. 7

Viking objects to this interrogatory as it is vague, ambiguous, overly broad and unduly burdensome. Viking refers the plaintiff to those warnings supplied in conjunction with Viking's response to request for production of documents.

INTERROGATORY NO. 8

Please state all design modifications made by the defendant, and/or on behalf of the defendant, in the guarding or safe operation of nailer from the time of the manufacture "the machine" to the present.

ANSWER NO. 8

Viking specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Notwithstanding these or any other objections, Viking states that it did not make any design modifications with the machine after the time it was manufactured and is unaware of any modifications made on its behalf.

INTERROGATORY NO. 9

Please state the name of all persons whom the defendant believes to be a witness to the plaintiff's injuries and accident of

December 2, 2002.

ANSWER NO. 9

Viking specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and beyond the scope of discovery permitted under Federal Rules of Civil Procedure 26(b). Notwithstanding these or any other objections, Viking states that, in addition to medical personnel treating Mr. Steffen and members of his family, the following: Paul Ranzella, Robert Paulk, Alan Fisher and Fred Gorman.

INTERROGATORY NO. 10

Please state the full name, residential address and business address of all persons whom the defendant or its counsel intends to call as a witness at the trial of this civil action.

ANSWER NO. 10

Viking specifically objects to this interrogatory since it has not determined which, if any, person it intends to call as a witness in this matter.

_____
Deron J. Lock, President
Viking Corporation

Date: 9/13/04

As to objections:

_____
Robert P. Powers, BBO #544691
T. Dos Urbanski, BBO #652465
MELICK, PORTER & SHEA, LLP.
28 State Street
Boston, MA 02109
(617) 523-6200

CERTIFICATE OF SERVICE

I, T. Dos Urbanski, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>William J. Doyle, Jr., Esquire
>LEAVIS and REST, P.C.
>83 Central Street
>Boston, MA 02109

_____
T. Dos Urbanski

Date: ___9/17/04___