UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD STEFFEN and <br> MARSHA STEFFEN, <br>     Plaintiffs <br><br> vs. <br><br> VIKING CORPORATION, <br>     Defendant/Third Party Plaintiff <br><br> vs. <br><br> HILLSIDE MACHINE, INC., WILLIAM M. BOWEN, JR., and ROBERT P. SMITH INTERNATIONAL COMPANY, <br>     Third Party Defendants | CIVIL ACTION NO. 04-10592RBC |

FILED
IN CLERKS OFFICE

2005 JAN 24  P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

### THIRD PARTY DEFENDANT, HILLSIDE MACHINE, INC.'S OPPOSITION TO DEFENDANT/THIRD PARTY PLAINTIFF'S VIKING CORPORATION'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

Third Party Defendant Hillside Machine, Inc. ("Hillside") opposes Defendant/Third Party Plaintiff Viking Corporation's Motion for Leave to File a Third Party Complaint. In support of this opposition, Hillside states that both factual and legal bases to support the counts contained in the proposed Third Party Complaint are lacking.

The Complaint filed by Plaintiffs Edward and Marsha Steffen ("the Complaint") alleges negligence and breach of warranty against Defendant/Third Party Plaintiff Viking Corporation ("Viking"). Plaintiffs seek damages for injuries arising out of an accident allegedly involving Plaintiff Edward Steffen's operation of a washer manufactured by Viking ("the Washer") on December 2, 2002 ("the Accident"). Count I of the proposed third party complaint is for common law indemnity. At common law, a person may seek indemnification if that person ""does not join in the negligent act but is exposed to derivative or vicarious liability for the

wrongful act of another.'" Fireside Motors, Inc. v. Nissan Motor Corp., 395 Mass. 366, 369 (1985) (quoting Stewart v. Roy Bros., 358 Mass. 446, 459 (1970)). This is also called "tort-based" indemnity. See Medeiros v. Whitcraft, 931 F. Supp. 68, 75 (D. Mass. 1996). Common law indemnification is only available when the party seeking indemnification is liable by inference of law or whose negligence is constructive, rather than actual. See Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37-42 (1983)

Count I alleges that Hillside negligently serviced and altered parts of the Washer. Common law indemnity cannot be established in this case because the negligent acts asserted against Viking in the Complaint are actual, not constructive. The Complaint alleges, *inter alia*, negligent design, manufacture, testing, and inspection of the Washer by Viking. The Complaint also alleges negligence against Viking by failing to give adequate and proper instructions and warnings regarding the Washer. As the manufacturer of the Washer, Viking's liability for these alleged negligent acts will be due to its own acts and/or omissions, as opposed to those of Hillside, or any other of the potential third party defendants. Accordingly, Viking will not be exposed to vicarious or derivative liability due to the negligence of Hillside and it has no basis for a common law indemnity claim. See Medeiros v. Whitcraft, 931 F. Supp. 68, 75 (D. Mass. 1996); Fireside Motors, Inc. v. Nissan Motor Corp., 395 Mass. 366, 369 (1985); Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37-42 (1983).

Additionally, both Count I for common law indemnity and Count II for contribution of the proposed third party complaint cannot proceed because Hillside is immune to tort based claims. Contribution is available only "where two or more persons become jointly liable in tort." Mass. Gen. L. c 231B, § 1(a). "The right to contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant." Dighton v. Federal Pacific Elec. Co.,

399 Mass. 687, 691 (1987). Hillside was the employer of Plaintiff Edward Steffen and paid workers' compensation benefits to him as a result of the Accident. Since Plaintiff Edward Steffen did not reserve his common law rights against Hillside, the Massachusetts Workers' Compensation Statute provides immunity to Hillside for all tort based claims, including common law indemnity and contribution. See M.G.L. ch. 152, § 24.

There is also no factual or legal basis to support Count III for contractual indemnity. No contract exists between Viking and Hillside to form a basis for contractual indemnity, whether express or implied. The implied right to contractual indemnity will be recognized only when there are "unique special factors" that indicate the intention by one party to indemnify another in the particular situation or a special relationship between the parties. Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2 (1st Cir. 1982); Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992) (citing Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 38-39 (1983)).[1]

The proposed count for contractual indemnity relies upon a release between Viking and Hillside dated September 1, 1993. The terms of this release provide that Hillside will release Viking of claims concerning the Washer. This release does not provide for indemnification of Viking by Hillside for third party claims, such as the one asserted by the Plaintiffs in the Complaint. Accordingly, there is no basis for express contractual indemnity. Furthermore, there

---

[1] Although both courts in Araujo and Fall River Housing Authority declined to find an implied right to contractual indemnity some Massachusetts state court decisions have found "special factors" to support such indemnity. A contractual agreement by a town to provide police protection at a fireworks display implied an agreement by the town to indemnify the fireworks company for damages paid to a spectator who was injured. See Monadnock Display Fireworks, Inc., v. Andover, 388 Mass. 153, 156 (1983). Additionally, when a lessor agreed to make all outside repairs on a particular property, the agreement was construed as implying an obligation on the part of the lessor to indemnify the lessee for damages arising from the failure to make the promised repairs. See Great Atlantic & Pacific Tea Co. v. Yanofsky, 380 Mass. 326, 331-332 (1980).

was not a special relationship or any special factors between Viking and Hillside to provide the basis for implied contractual indemnity. See Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2 (1st Cir. 1982); Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992) (citing Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 38-39 (1983)).

## CONCLUSION

For the reasons set forth above, Hillside Machine, Inc. respectfully requests this Honorable Court to deny the Defendant/Third Party Plaintiff Viking Corporation's Motion for Leave to File Third Party Complaint.

> Respectfully submitted,
> Hillside Machine, Inc.
> By its attorneys,
>
> _____
> Christopher J. Sullivan – BBO # 548137
> Kevin J. Fleming – BBO # 637419
> Davis, White & Sullivan, LLC
> One Longfellow Place, Suite 3609
> Boston, MA 02114
> (617) 720-4060

Dated: 1/24/05

4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD STEFFEN and <br> MARSHA STEFFEN, <br>     Plaintiffs <br><br> vs. <br><br> VIKING CORPORATION, <br>     Defendant/Third Party Plaintiff <br><br> vs. <br><br> HILLSIDE MACHINE, INC., WILLIAM M. BOWEN, JR., and ROBERT P. SMITH INTERNATIONAL COMPANY <br>     Third Party Defendants | CIVIL ACTION NO. 04-10592RBC |

## CERTIFICATE OF SERVICE

I, Kevin J. Fleming, counsel for the Third Party Defendant, Hillside Machine, Inc., do hereby certify that I served the following:

1. Third Party Defendant, Hillside Machine, Inc.'s Opposition to Defendant/Third Party Plaintiff's Viking Corporation's Motion for Leave to File a Third Party Complaint,

by first class mail, postage pre-paid, to the following:

Robert P. Powers, Esq.
T. Dos Urbanski, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109

William J. Doyle, Esq.
Leavis and Rest, P.C.
83 Central Street
Boston, MA 02109

Robert P. Smith
31 Stonecrest Drive
Saugus, MA 01906

William M. Bowen, Jr.
Colony Drive
Lancaster, MA 01523