UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD STEFFEN AND<br>MARSHA STEFFEN,<br><br>      Plaintiffs,<br><br>v.<br><br>VIKING CORPORATION,<br><br>      Defendant and Third Party Plaintiff<br><br>v.<br><br>HILLSIDE MACHINE, INC.,<br>WILLIAM M. BOWEN, JR. AND<br>ROBERT P. SMITH<br><br>      Third Party Defendants | Civil Action<br>No. 04-10592-RBC |

## DEFENDANT, VIKING CORPORATION'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

Now comes the defendant, Viking Corporation ("Viking") and, pursuant to Fed. R. Civ. P. 14, respectfully moves for leave to file a third party complaint. In support of this motion, Viking states that this matter arises out of an accident which occurred on December 2, 2002 in Malden Massachusetts. The plaintiff, Edward Steffen alleges that he was injured in the course of his employment at Hillside Machine, Inc. as a result of a malfunction in a rotary parts washer manufactured by Viking. Mr. Steffen filed a product liability claim against Viking in counts for negligence and breach of warranty. His wife, Marsha Steffen, asserted a claim of loss of consortium against Viking. Viking has denied the Steffens' claims.

In the course of discovery, Viking's counsel has identified other parties who may be liable for some or all of the damage allegedly suffered by the plaintiffs. In order to pursue claims of indemnification and contribution against these persons and entities, Viking seeks leave to file a third party complaint that asserts claims against those additional parties. A copy of the proposed third party complaint is attached.

According to Fed. R. Civ. P. 14, a third party plaintiff "may assert any claim against the third party defendant arising from the same transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff." Fed. R. Civ. P. 14(a). In general, courts grant leave to amend pleadings freely unless a party is prejudiced thereby. *Broner v. Flynn*, 311 F.Supp. 3d 227, 235 (D. Mass 2004). In this case, no party will be prejudiced by the assertion of the third party claims as discovery is ongoing. Furthermore, permitting the third party claims to go forward will foster judicial economy by allowing all the claims arising from the same transaction and occurrence to be tried together,

Wherefore, the defendant, Viking Corporation, respectfully seeks leave to file a third party complaint in this matter.

    DEFENDANT and THIRD PARTY PLAINTIFF,
    VIKING CORPORATION
    By its attorneys

    _____
    Robert P. Powers (BBO No. 544691)
    T. Dos Urbanski (BBO No. 652465)
    MELICK, PORTER & SHEA, L.L.P.
    28 State Street
    Boston, MA  02109
    (617) 523-6200
    (617) 523-8130

**CERTIFICATE OF SERVICE**

I, T. Dos Urbanski, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy postage pre-paid to the following:

> William J. Doyle, Jr.
> LEAVIS AND REST, P.C.
> 83 Central Street
> Boston, MA 02109
>
> Thomas J. Delaney
> The Law Offices of Martin B. Schneider, P.C.
> 29 Congress Street
> Salem, MA 01970
>
> Kevin J. Fleming
> Christopher J. Sullivan
> Davis, White and Pettingell, LLC.
> One Longfellow Place, Suite 3609
> Boston, MA 02114
>
> William M. Bowen, Jr.
> Colony Drive
> Lancaster, MA 01523
>
> Robert P. Smith
> 31 Stonecrest Drive
> Saugus, MA 01906

_____
T. Dos Urbanski

Dated: 2/22/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD STEFFEN AND<br>MARSHA STEFFEN,<br><br>    Plaintiffs,<br><br>v.<br><br>VIKING CORPORATION,<br><br>    Defendant and Third Party Plaintiff<br><br>v.<br><br>HILLSIDE MACHINE, INC.,<br>WILLIAM M. BOWEN, JR. AND<br>ROBERT P. SMITH<br><br>    Third Party Defendants | Civil Action<br>No. 04-10592-RBC |

### DEFENDANT, VIKING CORPORATION'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

Now comes the defendant, Viking Corporation ("Viking") and, pursuant to Fed. R. Civ. P. 14, respectfully moves for leave to file a third party complaint. In support of this motion, Viking states that this matter arises out of an accident which occurred on December 2, 2002 in Malden Massachusetts. The plaintiff, Edward Steffen alleges that he was injured in the course of his employment at Hillside Machine, Inc. as a result of a malfunction in a rotary parts washer manufactured by Viking. Mr. Steffen filed a product liability claim against Viking in counts for negligence and breach of warranty. His wife, Marsha Steffen, asserted a claim of loss of consortium against Viking. Viking has denied the Steffens' claims.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD STEFFEN AND<br>MARSHA STEFFEN,<br><br>    Plaintiffs,<br><br>v.<br><br>VIKING CORPORATION,<br><br>    Defendant and Third Party Plaintiff<br><br>v.<br><br>HILLSIDE MACHINE, INC.,<br>WILLIAM M. BOWEN, JR AND<br>ROBERT P. SMITH,<br><br>    Third Party Defendants | Civil Action<br>No. 04-10592-RBC |

## THIRD PARTY COMPLAINT OF VIKING CORPORATION

### Introduction

This is a third party complaint in which the defendant and third party plaintiff, Viking Corporation ("Viking") seeks indemnity and contribution from various third party defendants for amounts that Viking may be liable to the plaintiffs, Edward and Marsha Steffen. The third party complaint relates to work performed on the rotary parts washer manufactured by Viking and sold to Hillside Machine, Inc. ("Hillside") as well as to the terms of an agreement between Hillside and Viking. This court has subject matter jurisdiction pursuant to the doctrine of ancillary jurisdiction. Venue is proper pursuant to 28 U.S.C. 1391(a).

**Facts**

1.  The defendant and third party plaintiff, Viking is a corporation organized under the laws of the state of Kansas with a usual place of business at 3810 North Toben, Wichita, Kansas 67226.

2.  The third party defendant, Hillside Machine, Inc., formerly known as Hillside Automotive Machine, Inc. is a corporation organized under the laws of the state of Massachusetts with a usual place of business at 1304 Eastern Avenue, Malden, Massachusetts.

3.  The third party defendant, William F. Bowen was at all material times an electrician with a usual place of business at Colony Lane, Lancaster, Massachusetts.

4.  The third party defendant, Robert Smith was at all material times a plumber with a usual place of business at 65 Glendale Avenue, Malden, Massachusetts.

5.  Hillside contracted with Viking in 1992 for the purchase of a rotary parts washer.

6.  Each of the third party defendants provided maintenance and repair services to the rotary parts washer after it left Viking's control.

7.  The plaintiff, Edward Steffen, was injured while in the vicinity of the rotary parts washer in an accident that occurred on or about December 2, 2002.

8.  The plaintiffs in this action filed and served a Complaint against Viking. (The Complaint is attached hereto as Exhibit "A" and is incorporated herein by reference). The third party defendants, individually or collectively, are or may be liable to the defendant and third party plaintiff for all or part of the plaintiffs' claim against the defendant and third party plaintiff.

9.  The plaintiffs in this action allege in the Complaint that the defendant and third party plaintiff, Viking is liable to them for the following conduct which was allegedly the proximate cause of the accident which occurred on or about December 2, 2002.

    a.    The defendant and third party plaintiff, Viking was negligent in the design, manufacture and sale of a rotary parts washer;

    b.    the defendant and third party plaintiff's negligence rendered the rotary parts washer defective and unduly dangerous; and

    c.    the defendant and third party plaintiff, Viking breached certain express and implied warranties which it owed to persons using the product and to the public in general.

### COUNT ONE - Common Law Indemnity

10. The defendant and third party plaintiff, Viking incorporates herein by reference paragraphs 1 through 9, supra.

11. The defendant and third party plaintiff, Viking says that if it is liable to the plaintiffs as alleged in their Complaint, which Viking denies, then the third party defendants, either individually or collectively, initiated such conduct by negligently servicing and altering the rotary parts washer and that the negligence of the third party defendants was the proximate cause of the plaintiffs' damages.

12. If the rotary parts washer or any component part thereof, warnings and instructions were defective, which the defendant and third party plaintiff, Viking denies, then the third party defendants, either individually or collectively, failed to meet the requisite standard of care owed to the defendant and third party plaintiff in the following respects:

    a.    the third party defendants were negligent in the performance of the service and repairs to the rotary parts washer which was the proximate cause of the plaintiffs damages.

  b.  the third party defendants materially altered the rotary parts washer, such material alteration being the proximate cause of the plaintiffs' damages; and

  c.  the third party defendants failed to perform their work on the rotary parts washer in a competent and workmanlike manner.

13. As a direct and proximate result of the third party defendants' said negligence, the plaintiffs suffered injuries and damages and the defendant and third party plaintiff, Viking was exposed to derivative or vicarious liability to the plaintiffs. The defendant and third party plaintiff was not <u>in pari delicto</u> with the third party defendants and did not participate in the negligence of the third party defendants. The negligence of the third party plaintiff, if any, was constructive, while the negligence of the third party defendants was actual. The defendant and third party plaintiff is therefore entitled to be indemnified in the full by the third party defendants.

  WHEREFORE, the defendant and third party plaintiff, Viking demands judgment against the third party defendants in the full amount of the third party plaintiff's share of the entire liability to the plaintiffs, together with interests and costs.

COUNT TWO - Contribution

14. The defendant and third party plaintiff, Viking, incorporates herein by reference paragraphs 1 through 13, <u>supra</u>.

15. The plaintiffs' damages were the direct and proximate result of the third party defendants' said negligence. If the defendant and third party plaintiff, Viking is liable in tort to the plaintiffs, which Viking expressly denies, then the third party defendants are jointly liable in tort for the same damages. The defendant and third party plaintiff, Viking is therefore entitled to contribution from the third party defendants pursuant to the provisions of Mass. G.L. c. 231B.

WHEREFORE, the defendant and third party plaintiff, Viking demands judgment against the third party defendants in the full amount of the third party plaintiff's share of the entire liability to the plaintiffs, together with interest and costs.

COUNT THREE - Contractual Indemnity

16. The defendant and third party plaintiff, Viking incorporates herein by reference paragraphs 1 through 15, supra.

17. On September 10, 1993, the defendant and third party plaintiff, Viking and the third party defendant, Hillside concluded an agreement that altered the parties' contractual relationship with respect to the rotary parts washer.

18. Under the terms and conditions of the parties' contract as concluded on September 10, 1993, the third party defendant Hillside released Viking from any and all claims, including warranty claims, with respect to the rotary parts washer that Hillside purchased from Viking.

19. In exchange for Hillside's release, Viking refunded the entire purchase price of the rotary parts washer that Hillside purchased from Viking and allowed Hillside to retain ownership of the rotary parts washer.

20. A special relationship existed between defendant and third party plaintiff, Viking and the third party defendant, Hillside pursuant to the terms and conditions of their complete contractual agreement, and the third party defendant, Hillside should indemnify the defendant and third party plaintiff, Viking for all damages resulting from the plaintiffs' claim.

21. Said agreement was in force and effect at all times material to this action.

22. The defendant and third party plaintiff, Viking has incurred costs, expenses and attorneys' fees in connection with the defense of this lawsuit.

WHEREFORE, the defendant and third party plaintiff Viking demands judgment:

a. that the third party defendant, Hillside afford coverage for this accident and has agreed to indemnify the defendant and third party plaintiff, Viking for the claims made in the plaintiffs' Complaint;

b. that the Court enter judgment awarding the defendant and third party plaintiff, Viking reasonable attorneys' fees, costs and expenses incurred in the defense of this litigation against the third party defendant, Hillside; and

c. that the Court enter a judgment ordering the third party defendant, Hillside to indemnify the defendant and third party plaintiff, Viking for any liability which it may incur as a result of the claims set forth in the plaintiffs' Complaint.

### JURY CLAIM

The defendant and third party plaintiff, Viking claims a trial by jury of each claim asserted or to be asserted by the defendant and third party plaintiff and of each defense asserted or to be asserted by any third party defendant.

DEFENDANT and THIRD PARTY PLAINTIFF
VIKING CORPORATION
By its attorneys

_____
Robert P. Powers (BBO No. 544691)
T. Dos Urbanski (BBO No. 652465)
MELICK, PORTER & SHEA, L.L.P.
28 State Street
Boston, MA 02109
(617) 523-6200
(617) 523-8130