UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 22  P 3: 10

U.S. DISTRICT COURT
DISTRICT OF MASS

|   |   |
|---|---|
| EDWARD STEFFEN and MARSHA STEFFEN, <br>     Plaintiffs, <br><br> v. <br><br> VIKING CORPORATION, <br>     Defendant/Third Party Plaintiff, <br><br> HILLSIDE MACHINE, INC, <br> WILLIAM M. BOWEN, JR., and <br> ROBERT P. SMITH, <br>     Third Party Defendants. | CIVIL ACTION <br> NO. 04-10592-RBC |

**ROBERT P. SMITH'S OPPOSITION TO VIKING CORPORATION'S
MOTION TO FILE A THIRD PARTY COMPLAINT**

NOW COMES Robert P. Smith ("Smith") and opposes the motion of Viking Corporation to file a third party complaint.

In support hereof, Smith says that there is a no good faith basis for Viking Corporation to assert a third party complaint against Smith. Smith further relies upon his Affidavit attached hereto. Viking seeks to assert a claim against Smith for common law indemnity (Count I) and contribution (Count II).

There is no factual basis for assertion of these claims against Smith. The sole factual allegation against

Smith which forms the basis for the action is found in paragraphs 5 and 6 of the proposed third party complaint and alleges, as follows:

> 5. Hillside contracted with Viking in 1992 for the purchase of a rotary parts washer.
> 6. Each of the third party defendants provided maintenance and repair services to the rotary parts washer after it left Viking's control.

The proposed third party complaint fails to identify the work allegedly performed by Smith, when the work was allegedly performed, or the basis for the allegation that work, if performed, was performed negligently. Smith contends that the absence of these facts is simple: Smith never performed any service or maintenance on this rotary parts washer.

Smith's affidavit establishes that he was a licensed plumber in 1992 and that he was hired to install the rotary parts washer. The installation was approved by the City of Malden's plumbing inspector. Smith never performed any maintenance work on the washer and had no connection with it whatsoever since the time of the 1992 installation. Indeed, Smith has not been performing any plumbing work since May, 1996, when he was hired as an inspector for the Malden Redevelopment Authority.

2

There is no allegation that the installation of the rotary parts washer was done negligently. Further, any installation work done in 1992 does not appear to have a causal connection to the Plaintiff's alleged 2002 injury.

Additionally the claims for common law indemnity in Count I is based on alleged negligent service and alteration of the rotary parts washer. In a common law claim of indemnity, the plaintiff must establish that it was exposed to derivative or vicarious liability due to the acts of the indemnitor. <u>Fireside Motors, Inc. v.Nissan Motor Corp.</u>, 395 Mass. 366, 369 (1985). Such is not the case here. The Complaint against Viking alleges negligent design, manufacture, testing, and inspection of the washer by Viking as the manufacturer of the washer. Viking's liability arises from its status as the manufacturer and not because of negligent acts by Smith. Therefore, a claim for common law indemnity does not lie against Smith.

WHEREFORE for all the foregoing reasons, Viking should not be permitted to file a third party complaint against Smith and this Honorable Court should deny the motion.

ROBERT P. SMITH

By his Attorney,

_____
FRANK P. RUSSELL
(BBO No. 564953)
15 Ferry Street
Malden, Massachusetts 02148
(781) 322-0896