UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD STEFFEN AND
MARSHA STEFFEN,

      Plaintiffs,

v.

VIKING CORPORATION,

      Defendant and Third Party Plaintiff

v.

HILLSIDE MACHINE, INC.,
WILLIAM M. BOWEN, JR. AND
ROBERT P. SMITH

      Third Party Defendants

Civil Action
No. 04-10592-RBC

## DEFENDANT, VIKING CORPORATION'S REPLY TO THIRD PARTY DEFENDANT HILLSIDE MACHINE, INC.'S OPPOSITION TO VIKING'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

Viking Corporation ("Viking") asked this Court for leave to file a third party complaint against Hillside Machine, Inc. ("Hillside"), William M. Bowen, Jr. and Robert P. Smith on counts alleging contribution, common law indemnity and specifically with reference to Hillside, implied contractual indemnity. Hillside opposes Viking's motion alleging that Viking does not have a factual or legal basis for the claims it alleges against Hillside. Hillside argues that its relationship with Viking is devoid of "unique special factors" that would support a claim of implied contractual indemnity. Additionally, Hillside argues that it is immune from common law indemnity and contribution claims under the Workers Compensation Act as the plaintiff Edward Steffen was its

employee when he was injured and that any contribution claims are otherwise barred as it did not participate in the negligence and breach of warranty claims Mr. Steffen alleges against Viking. Viking responds to Hillside's arguments as follows:

**There are sufficient special factors to support a claim of implied contractual indemnity**

Absent express language, a court may still find that a contract contains an indemnification clause when there are "unique special factors" indicating that the parties intend that indemnification be part of their agreement. *Araujo v. Woods Hole, Martha's Vineyard, Nantucket, SSAuthority,* 693 F.2d 1,2 (1st Cir. 1982); *Fall River Housing Authority v. H. V. Collins Co.,* 414 Mass. 10, 14 (1992). In this matter the parties entered into a contract in 1992. The original terms required that Viking sell Hillside a rotary parts washer for $12,210. Those terms were modified and under the modified terms Hillside received both the rotary washer and a refund of the entire $12,210 purchase price. In exchange for the washer and the $12,210 refund, Viking received a "release" drafted and executed by Hillside absolving Viking of "any and all claims" related to the washer. Thus, the washer in this case differs from the radial arm saw in *Decker v. Black & Decker Mfg. Co.,* 389 Mass. 35 (1997) where implied indemnity was not found as the entire relationship; between the parties rested on a sales agreement. Here there is a longer, more complicated relationship between the parties which Viking believes resulted in Hillside taking on all obligations with respect to the washer.

Viking believes that this case is similar to *Great Atlantic d: Pacific Tea Co. v. Yanofsky,* 380 Mass. 326 (1980) in which the court found just such an implied indemnification clause in an agreement between lessor and lessee that the lessor make all outside repairs. Here as in *Yanofsky,* Viking agreed to forego all rights and obligations with respect to the washer. Thus, as in *Yanovsky,*

2

Viking should receive indemnification if it is determined that the washer was defective. At the least, Viking is entitled to explore through the discovery process whether the unique circumstances of its transaction with Hillside were sufficient to support a reasonable expectation that it would be indemnified for all future claims related to the rotary washer.

**Hillside does not have immunity under the Workers Compensation Act to Viking's claims of contribution and indemnity**

Massachusetts courts have indicated that "any right of a third party tortfeasor to recover indemnity from an employer who has paid workmen's compensation benefits to an injured employee, must stem, if at all, from an express or implied contract of indemnity or from an obligation implied from the relationship of the parties." *Decker v. Black & Decker Mfg. Co., supra* at *37,* citing *Liberty Mutual Ins. Co. v. Westerlind,* 374 Mass. *524* (1978). Here, in addition to the question of whether Viking and Hillside's final agreement contained an indemnity provision, we find' another basis for asserting a third party complaint against Hillside.

The complaint against Viking alleges negligence in the design and manufacture of the rotary washer. However, Hillside acknowledges that it began altering th e design and characteristics of the washer within days after it was delivered. In fact, it was the modifications Hillside made to the washer that motivated Hillside to balk at Viking's offer to refund the purchase price in exchange for the return of the washer. Thus, Hillside was in every respect a co-creator of the rotary washer it decided to accept from Viking. In modifying Viking's original design and manufacture, on occasion without Viking's knowledge or approval, Hillside created obligations for the washer's design and manufacture that could be implied from the parties' relationship. In addition, any negligence on Hillside's part with respect to the washer's design and manufacture would be the type of active

negligence for which Viking is entitled to seek both indemnity for Hillside's acts or omissions and/or contribution from Hillside as Viking's joint tortfeasor should Mr. Steffens' claims proved justified. At minimum, Viking should be allowed to explore the viability of its claims against Hillside through formal discovery.

## CONCLUSION

For the reasons set forth above, Viking Corporation, respectfully requests this Honorable Court for leave to file a third party complaint against Hillside Machine, Inc.

Respectfully submitted,
DEFENDANT and THIRD PARTY PLAINTIFF,
VIKING CORPORATION
By its attorneys

Robert P. Powers (BBO No. 544691)
T. Dos Urbanski (BBO No. 652465)
MELICK, PORTER & SHEA, L.L.P.
28 State Street
Boston, MA 02109
(617) 523-6200
(617) 523-8130

**CERTIFICATE OF SERVICE**

    I, T. Dos Urbanski, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy postage pre-paid to the following:

>William J. Doyle, Jr.
>LEAVIS AND REST, P.C.
>83 Central Street
>Boston, MA 02109
>
>Thomas J. Delaney
>The Law Offices of Martin B. Schneider, P.C.
>29 Congress Street
>Salem, MA 01970
>
>Kevin J. Fleming
>Christopher J. Sullivan
>Davis, White and Pettingell, LLC.
>One Longfellow Place, Suite 3609
>Boston, MA 02114
>
>Frank F. Russell
>Attorney at Law
>15 Ferry Street
>Malden, MA 02148-5001
>
>William M. Bowen, Jr.
>Colony Drive
>Lancaster, MA 01523

                                              T. Dos Urbanski

Dated:_____