UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD STEFFEN AND<br>MARSHA STEFFEN,<br><br>    Plaintiffs,<br><br>v.<br><br>VIKING CORPORATION,<br><br>    Defendant and Third Party Plaintiff<br><br>v.<br><br>HILLSIDE MACHINE, INC.,<br><br>    Third Party Defendant | Civil Action<br>No. 04-10592-RBC |

## THIRD PARTY COMPLAINT OF VIKING CORPORATION

### Introduction

This is a third party complaint in which the defendant and third party plaintiff, Viking Corporation ("Viking") seeks indemnity from various third party defendant Hillside Machine, Inc. ("Hillside") for amounts that Viking may be liable to the plaintiffs, Edward and Marsha Steffen. This court has subject matter jurisdiction pursuant to the doctrine of ancillary jurisdiction. Venue is proper pursuant to 28 U.S.C. 1391(a).

### Facts

1. The defendant and third party plaintiff, Viking is a corporation organized under the laws of the state of Kansas with a usual place of business at 3810 North Toben, Wichita, Kansas 67226.

2. The third party defendant, Hillside Machine, Inc., formerly known as Hillside Automotive

Machine, Inc. is a corporation organized under the laws of the state of Massachusetts with a usual place of business at 1304 Eastern Avenue, Malden, Massachusetts.

3. Hillside contracted with Viking in 1992 for the purchase of a rotary parts washer.

4. Hillside provided maintenance and repair services to the rotary parts washer after it left Viking's control.

7. The plaintiff, Edward Steffen, was injured while in the vicinity of the rotary parts washer in an accident that occurred on or about December 2, 2002.

8. The plaintiffs in this action filed and served a Complaint against Viking. (The Complaint is attached hereto as Exhibit "A" and is incorporated herein by reference). Hillside is or may be liable to the defendant and third party plaintiff for all or part of the plaintiffs' claim against the defendant and third party plaintiff.

9. The plaintiffs in this action allege in the Complaint that the defendant and third party plaintiff, Viking is liable to them for the following conduct which was allegedly the proximate cause of the accident which occurred on or about December 2, 2002.

    a. The defendant and third party plaintiff, Viking was negligent in the design, manufacture and sale of a rotary parts washer;

    b. the defendant and third party plaintiff's negligence rendered the rotary parts washer defective and unduly dangerous; and

    c. the defendant and third party plaintiff, Viking breached certain express and implied warranties which it owed to persons using the product and to the public in general.

COUNT ONE - Contractual Indemnity

10. The defendant and third party plaintiff, Viking incorporates herein by reference paragraphs

1 through 9, supra.

11.     On September 10, 1993, the defendant and third party plaintiff, Viking and the third party defendant, Hillside concluded an agreement that altered the parties' contractual relationship with respect to the rotary parts washer.

12.     Under the terms and conditions of the parties' contract as concluded on September 10, 1993, the third party defendant Hillside released Viking from any and all claims, including warranty claims, with respect to the rotary parts washer that Hillside purchased from Viking.

13.     In exchange for Hillside's release, Viking refunded the entire purchase price of the rotary parts washer that Hillside purchased from Viking and allowed Hillside to retain ownership of the rotary parts washer.

14.     A special relationship existed between defendant and third party plaintiff, Viking and the third party defendant, Hillside pursuant to the terms and conditions of their complete contractual agreement, and the third party defendant, Hillside should indemnify the defendant and third party plaintiff, Viking for all damages resulting from the plaintiffs' claim.

15.     Said agreement was in force and effect at all times material to this action.

16.     The defendant and third party plaintiff, Viking has incurred costs, expenses and attorneys' fees in connection with the defense of this lawsuit.

WHEREFORE, the defendant and third party plaintiff Viking demands judgment:

a.      that the third party defendant, Hillside afford coverage for this accident and has agreed to indemnify the defendant and third party plaintiff, Viking for the claims made in the plaintiffs' Complaint;

b.      that the Court enter judgment awarding the defendant and third party plaintiff, Viking

reasonable attorneys' fees, costs and expenses incurred in the defense of this litigation against the third party defendant, Hillside; and

c.  that the Court enter a judgment ordering the third party defendant, Hillside to indemnify the defendant and third party plaintiff, Viking for any liability which it may incur as a result of the claims set forth in the plaintiffs' Complaint.

## JURY CLAIM

The defendant and third party plaintiff, Viking claims a trial by jury of each claim asserted or to be asserted by the defendant and third party plaintiff and of each defense asserted or to be asserted by any third party defendant.

>
> DEFENDANT and THIRD PARTY PLAINTIFF
> VIKING CORPORATION
> By its attorneys
>
> /s/ Robert P. Powers
>
> Robert P. Powers (BBO No. 544691)
> T. Dos Urbanski (BBO No. 652465)
> MELICK, PORTER & SHEA, L.L.P.
> 28 State Street
> Boston, MA  02109
> (617) 523-6200
> (617) 523-8130

## CERTIFICATE OF SERVICE

I, T. Dos Urbanski, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy postage pre-paid to the following:

>William J. Doyle, Jr.
>LEAVIS AND REST, P.C.
>83 Central Street
>Boston, MA 02109
>
>Thomas J. Delaney
>The Law Offices of Martin B. Schneider, P.C.
>29 Congress Street
>Salem, MA 01970
>
>Kevin J. Fleming
>Christopher J. Sullivan
>Davis, White and Pettingell, LLC.
>One Longfellow Place, Suite 3609
>Boston, MA 02114

_____
T. Dos Urbanski

Dated: 7/19/05