UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD STEFFEN and<br>MARSHA STEFFEN,<br>    Plaintiffs<br><br>vs.<br><br>VIKING CORPORATION,<br>    Defendant/Third Party Plaintiff<br><br>vs.<br><br>HILLSIDE MACHINE, INC.,<br>    Third Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-10592RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### THIRD PARTY DEFENDANT HILLSIDE MACHINE, INC.'S
### ANSWER TO VIKING CORPORATION'S THIRD PARTY COMPLAINT

Third Party Defendant Hillside Machine, Inc. ("Hillside") in responding to the Third Party Complaint of Viking Corporation ("Viking") admits, denies and alleges as follows:

1. Hillside is without sufficient knowledge to admit or deny the allegations contained in paragraph 1.

2. Hillside admits the allegations contained in paragraph 2.

3. Hillside denies the allegations contained in paragraph 3.

4. Hillside denies the allegations contained in paragraph 4.

5. There is no "paragraph 5" in the Third Party Complaint of Viking Corporation.

6. There is no "paragraph 6" in the Third Party Complaint of Viking Corporation.

7. Hillside denies the allegations contained in paragraph 7.

8. Hillside admits that Plaintiffs Edward and Marsha Steffen filed a Complaint against Viking. Hillside denies all other allegations contained in paragraph 8.

9. The Complaint of the Plaintiff Edward Steffen and Marsha Steffen speaks for itself and Hillside is without sufficient knowledge to admit or deny the allegations therein.

## COUNT ONE

10. Hillside hereby incorporates by reference its answer to paragraphs 12 and 13 of the Complaint as if fully set forth herein.

11. Hillside denies the allegations contained in paragraph 11.

12. Hillside denies the allegations contained in paragraph 12.

13. Hillside denies the allegations contained in paragraph 13.

14. Hillside denies the allegations contained in paragraph 14.

15. Hillside denies the allegations contained in paragraph 15.

16. Hillside is without sufficient knowledge to admit or deny the allegations contained in paragraph 16.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Third Party Defendant Hillside states that there is not and never was a special relationship between Hillside and Viking.

### Second Affirmative Defense

The implied contractual claim of Viking is barred by the doctrine of accord and satisfaction.

### Third Affirmative Defense

The implied contractual claim of Viking is barred by a failure of consideration.

### Fourth Affirmative Defense

The implied contractual claim of Viking is barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Third Party Defendant Hillside states that there is insufficiency of process and insufficiency of service of process and, therefore, this action should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) and 12(b)(5).

### Sixth Affirmative Defense

The Third Party Complaint should be dismissed because this Court lacks personal jurisdiction over Hillside.

### Seventh Affirmative Defense

If Plaintiff Edward Steffen was injured and damaged as alleged, then such injury was not cause by Hillside or by any person for whose conduct Hillside is legally responsible.

### Eighth Affirmative Defense

Viking has failed to give proper notice of its claim as required by law, and Hillside was prejudiced thereby.

### Ninth Affirmative Defense

Viking has waived any and all claims which it may have had against Hillside.

### Tenth Affirmative Defense

The Third Party Complaint of Viking Corporation should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) because the Third Party Plaintiff has failed to state a claim upon which relief can be granted.

### Eleventh Affirmative Defense

Third Party Defendant Hillside states that at the time of the alleged accident Viking was guilty of a violation of the law which contributed to the alleged accident.

### Twelfth Affirmative Defense

The Third Party Complaint is barred by an absence of legal responsibility on the part of Hillside.

### Thirteenth Affirmative Defense

The Third Party Complaint is barred by laches.

### Fourteenth Affirmative Defense

Viking has waived its claims against Hillside.

For the Third Party Defendant,
Hillside Machine, Inc.
By its attorneys,

Christopher J. Sullivan – BBO # 548137
Kevin J. Fleming – BBO # 637419
Davis, White & Sullivan, LLC
One Longfellow Place, Suite 3609
Boston, MA 02114
(617) 720-4060

Dated: 8/11/05