UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10592-~~WGY~~ RBC

Edward Steffen and                    )
Marsha Steffen,                       )
    Plaintiffs                        )
                                      )
v.                                    )
                                      )
Viking Corporation,                   )
    Defendant/Third Party Plaintiff )
                                      )
v.                                    )
                                      )
Hillside Machine, Inc.,               )
    Third Party Defendant            )
                                      )

## PROPOSED SCHEDULE FOR THE COMPLETION OF DISCOVERY

Pursuant to the Court's Order of July 15, 2005, the parties submit the following proposed discovery plan and schedule.

**1.    Proposed Joint Discovery Plan and Schedule**

| | |
|---|---|
| August 29, 2005 | Deadline to make initial disclosure required by Rule 26(a)(1) and Local Rule 26.2(A) |
| September 9, 2005 | Last day to produce records or other materials as part of automatic disclosures |
| September 23, 2005 | Last day to file motion to amend pleadings (or to file amended pleadings by stipulation) and to join additional parties |
| September 23, 2005 | Last day to serve interrogatories, requests for the production of documents and requests for admissions |
| December 16, 2005 | Deadline for completion of fact discovery including depositions of parties and non-expert witnesses. |

| December 30, 2005 | Deadline for motions to compel fact discovery |
|---|---|
| January 27, 2006 | Deadline for plaintiff's identification of expert witnesses and to file expert witness disclosures, pursuant to Rule 26(b)(4) |
| March 10, 2006 | Deadline for defendant's identification of expert witnesses |
| April 14, 2006 | Deadline for defendants to file expert witness disclosures, pursuant to Rule 26(b)(4) |
| May 26, 2006 | Deadline for completion of expert witness depositions |
| June 8, 2006 | Deadline for motions to compel (expert discovery) |
| June 8, 2006 | Deadline for filing summary judgment motions |

## 2.  Limitations on Discovery

Each party shall be limited to the following discovery, unless additional discovery is subsequently permitted by the Court for good cause shown:

*   A maximum of 30 interrogatories;

*   A maximum of 30 request for admissions;

*   A maximum of two (2) separate sets of requests for production; and

*   A maximum of ten (10) depositions.

## 3.  Automatic Disclosures

The parties agree that the following, non-privileged, documents will be produced on or before August 29, 2005 as part of their respective automatic disclosures:

a   Viking

i.   A copy of any documents relating to Viking Corporation's sale of a Waterblaster machine to Hillside Machine, Inc.

      ii.    A copy of any engineering plans and/or manufacturers specifications for the Viking Corporation's Waterblaster machine located at Hillside Machine, Inc.

      iii.   A coy of all documents related to business dealings between Viking Corporation and Hillside Machine, Inc. concerning the Waterblaster machine after it was delivered to Hillside Machine, Inc.

b.    <u>Steffen</u>

      i.     Records relating to any and all damages, including but not limited to medical treatment, claimed by the plaintiffs as a result of the events alleged in their complaint.

      ii.    Copies of bills related to the amelioration of any and all damages, including but not limited to medical treatment, claimed by the plaintiffs as a result of the events alleged in their complaint.

      iii.   All documents related to the plaintiff, Edward Steffen's claims for benefits under any short or long term disability plan, insurance policy and/or state funded disability plan, unemployment plan and/or workers compensation program.

      iv.   Copies of any and all evidence in the possession of the plaintiffs or any of the plaintiffs' agents, servants or representatives that supports the contention in the plaintiffs' complaint that the Waterblaster manufactured by Viking Corporation and located at Hillside Machine was defective in design and/or operation.

c.    <u>Hillside</u>

      i.     a copy of any document relating to Hillside's purchase of the waterblaster machine

      ii.    a copy of any document relating to maintenance and/or repair and/or modification to the waterblaster machine

      iii.   a copy of all documents between Hillside and Viking concerning the waterblaster machine

Each party must prepare a privilege log identifying any documents

withheld under a claim of privilege, which shall be produced to the other

3

side on or before September 9, 2005.

## 4.  <u>Trial by Magistrate Judge</u>

The parties consent to a trial by a Magistrate Judge.

## 5.  <u>Certifications</u>

The parties continue to discuss settlement.


EDWARD STEFFEN AND                                    VIKING  CORPORATION
MARSHA STEFFEN


_____                              _____
William J. Doyle, Jr.                                 Robert P. Powers (BBO No. 544691)
LEAVIS AND REST, P.C.                                 T. Dos Urbanski (BBO No. 652465)
83 Central Street                                     MELICK, PORTER & SHEA, LLP
Boston, MA  02109                                     28 State Street
(617)  742-1700                                       Boston, MA  02109
BBO #134240                                           (617)  523-6200
                                                      (617)  523-8130



HILLSIDE MACHINE, INC.


_____           and                _____
Christopher J. Sullivan, Esquire                      Thomas J. Delaney, Esquire
Kevin J. Fleming                                      Law Offices of Martin B. Schneider
Davis, White & Sullivan, P.C.                         27 Congress Street
One Longfellow Place, Suite 3609                      Salem, MA  01970
Boston, MA  02114



Dated:  8/11/05  _____

4