UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10592-RBC

| | |
|---|---|
| Edward Steffen and Marsha Steffen, Plaintiffs | ) ) ) ) ) |
| v. | ) ) |
| Viking Corporation, Defendant | ) ) ) |
| v. | ) ) ) |
| Hillside Machine, Inc. Third Party Defendant | ) ) ) |

### SUPPLEMENTAL
### ANSWERS OF THE PLAINTIFF, EDWARD STEFFEN
### TO THE INTERROGATORIES OF HILLSIDE MACHINE, INC.

Now comes the plaintiff, Edward Steffen in the above-entitled matter and pursuant to the Fed. R. Civ. P. responds to the interrogatories of Hillside Machine, Inc.

Q12. Please state the name, and business address of every person whom you or your attorney intend to call as an expert witness at the trial of this action and state with respect to each such expert witness:

    a    the subject mater on which he/she is expected to testify;

    b.    the substance of the facts and opinions to which he/she is expected to testify; and

    c.    a summary of the grounds for each such opinion.

A12. a    <u>Objection</u> insofar as this interrogatory goes beyond the
    -    permissible scope of Fed. R. Civ. P. 26(b)(4) interrogatories.
    c.

        Without waiving this objection, I was informed by my attorney

that it has not yet been determined who will testify as an expert as discovery is still ongoing.

By way of supplemental response the plaintiff, Edward Steffen by his counsel states that the following individual, D. Robert Holt will or may be called to testify. D. Robert Holt will testify on issues involving negligence and breach of warranty involving the design, manufacture and sale of the Viking Corporation washer.

D. Robert Holt will or may testify as to his education, training and experience. He will testify as to his review of documents and pleadings. He will offer his opinions regarding engineering, designing, guarding, warnings and general expertise in the areas of products nd product liability.

It is expected that D. Robert Holt will testify that the washer did not have an inadequate interlock guard, which was feasible at the time of manufacture and sale. Evidence will be offered that Viking Corporation failed to identify the hazards associated with the use of the evaporator on the washer. Among the hazards were thermal and/or fire. Testing would have disclosed the existence of the hazards. The hazards were present during the use of the evaporator to change sludge into a solid waste product which occurred by baking the sludge in a hot environment where there was a low oxygen environment. The potential for fire and explosion where present. Fire and explosion potentially result when opening the evaporator resulting in sudden exposure of air to the low oxygen environment. The defendant, Viking Corporation failed to eliminate the hazard during the design process of building the evaporator. The defendant, Viking Corporation failed to guard against the hazard through the use of an interlock guard. The defendant, Viking Corporation failed to warn against the hazard in company literature, including the operator's manual, and/or on the machine.

In addition federal regulations exist which are applicable to the evaporator and the use of the evaporator. The defendant, Viking Corporation built an evaporator, when used, which would be violative of the federal regulations. If the defendant, Viking Corporation had built an evaporator which complied with federal regulations, when used, then Viking Corporation, by necessity, based upon the testimony of Mr. Enegren, would have consulted an engineer, who would have employed a reasonable design process for the evaporator, including the elimination of potential hazards, including fire and explosion, the use of interlock guards and if necessary the use of warnings.