## Supplemental Answer No. 12

<u>Objection</u> insofar as this interrogatory goes beyond the permissible scope of the Fed. R. Civ. P. 26(b)(4).

Without waiving said objection, I was informed by my attorney that it has not et been determined who will testify as any expert as discovery is till ongoing.

By way of supplemental response the plaintiff, Edward Steffen, by his counsel, states that Darry Robert Holt will or may testify. Darry Robert Holt will or may testify on issues involving negligence and breach of warranty involving the design, manufacture and sale of the Viking Corporation washer.

Darry Robert Holt will or may testify as to his education, training and experience. He will or may testify as to his review of documents and pleadings. He will or may offer his opinions regarding engineering, designing, guarding, warnings and general expertise in the areas of products and products liability.

It is expected that Darry Robert Holt will or may testify that the washer did not have an adequate thermal interlock for the evaporator door which would prevent the door from being opened when the evaporator was at an elevated temperature, which was feasible at the time of manufacture and sale. Evidence will be offered that Viking Corporation failed to identify the hazards associated with the use of the evaporator on the washer. Among the hazards were thermal and/or fire. Testing would have disclosed the existence of the hazards. The hazards were present during the use of the evaporator to change sludge into a solid waste product which occurred by baking the sludge in a hot environment where there was a low oxygen environment. The potential for fire and explosion where present. Fire and explosion potentially result when opening the evaporator resulting in sudden exposure of air to the low oxygen environment. The defendant, Viking Corporation failed to eliminate the hazard during the design process of building the evaporator. The defendant, Viking Corporation failed to guard against the hazard through the use of a thermal interlock for the evaporator door. The defendant, Viking Corporation failed to warn against the hazard in company literature, including the operator's manual, and/or on the machine.

In addition federal regulations exist which are applicable to the evaporator and the use of the evaporator. The defendant, Viking Corporation built an evaporator, when used, which would be violative of the federal regulations. If the defendant, Viking Corporation had built an evaporator which complied with federal regulations, when used, then Viking Corporation, by necessity, based upon the testimony of Mr. Enegren, would have consulted and engineer, who would have employed a reasonable design process for the evaporator, including the elimination of potential hazards,

including fire and explosion, the use of interlock guards and if necessary the use of warnings.

The subject washer with evaporator is unsafe in design and not in compliance with good safety engineering design principles and practices which require a designer to identify the potential hazards associated with their product and to eliminate the hazards, if possible, safeguard the hazard or warn of the hazard, in that order of priority. The subject washer with evaporator presents a continuous and unreasonable hazard to personnel during the normal and foreseeable use of the equipment.

Had Viking Corporation either not included the evaporator in the washer design or included a thermal interlock for the door, the subject accident would not have occurred.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF December, 2005.

EDWARD STEFFEN

As to objections,

William J. Doyle, Jr., Esquire
Leavis and Rest, P.C.
83 Central Street
Boston, MA  02109
(617) 742-1700

## CERTIFICATE OF SERVICE

I, William J. Doyle, Jr., attorney for the plaintiff, hereby certify that I have served a copy of the foregoing by mailing same, postage prepaid, to:

**Name of Document:**

Supplemental Answers of the Plaintiff, Edward Steffen to the Interrogatories of Hillside Machine, Inc.

**Names and Addresses of Attorneys of Record:**

Robert P. Powers, Esquire
T. Dos Urbanski, Esquire
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109

Christopher J. Sullivan, Esquire
Kevin J. Fleming, Esquire
Davis, White & Sullivan, P.C.
One Longfellow Place, Suite 3609
Boston, MA 02114

**Date of Service:**

January 4, 2006

This statement is signed under the pains and penalties of perjury.

_____
William J. Doyle, Jr.